Sean J. Kirby
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
30 Rockefeller Plaza, 39th Floor
New York, New York  10112
Telephone:     212.653.8700
Facsimile:      212.653.8701

Gregory F. Hurley (*Pro Hac Vice Pending*)
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
650 Town Center Drive, 10th Floor
Costa Mesa, California  92626-1993
Telephone:     714.513.5100
Facsimile:      714.513.5130

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| YONY SOSA, ON BEHALF OF HIMSELF AND ALL OTHER PERSONS SIMILARLY SITUATED,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>LENDINGCLUB CORPORATION,<br><br>　　　　　Defendant. | Case No. 1:20-cv-05256-JPO-KHP<br><br>**DEFENDANT LENDINGCLUB CORPORATION'S ANSWER TO CLASS ACTION COMPLAINT; DEMAND FOR JURY TRIAL** |

Defendant Lendingclub Corporation ("Defendant"), through its undersigned counsel Sheppard, Mullin, Richter & Hampton LLP, in answer to plaintiff Yony Sosa's ("Plaintiff") Complaint, admits, denies, and alleges as follows:

<u>INTRODUCTION</u>

1.      In response to Paragraph 1 of the Complaint, Defendant denies each and every allegation, except avers that Plaintiff purports to assert causes of action against Defendant.

2.      In response to Paragraph 2 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, denies each and every allegation.

3.      In response to Paragraph 3 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, denies each and every allegation.

4.      In response to Paragraph 4 of the Complaint, Defendant denies each and every allegation.

5.      In response to Paragraph 5 of the Complaint, Defendant denies each and every allegation.  The subject website speaks for itself.

<u>JURISDICTION AND VENUE</u>

6.      In response to Paragraph 6 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

7.      In response to Paragraph 7 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

8.      In response to Paragraph 8 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

9.      In response to Paragraph 9 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.  To the extent anything in Paragraph 9 is construed to be something other than a legal conclusion or argument, Defendants denies each and every such allegation.

10.      In response to Paragraph 10 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

## THE PARTIES

11.     In response to Paragraph 11 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, denies each and every allegation.

12.     In response to Paragraph 12 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, denies each and every allegation.

13.     In response to Paragraph 13 of the Complaint, Defendant admits only that it operates an online lending marketplace platform, is a Delaware corporation that is registered to do business in New York, with its headquarters located at 595 Market Street, Suite 200, San Francisco, CA 94105, operates the website www.lendingclub.com, and that Defendant advertises and markets in New York.  Defendant denies all other allegations on the basis that defendant is not required to answer legal conclusions and argument.

14.     In response to Paragraph 14 of the Complaint, Defendant admits only that it operates an online lending marketplace platform and denies all other allegations on the basis that defendant is not required to answer legal conclusions and argument, and the content of the subject website is self-evident.

15.     In response to Paragraph 15 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

## NATURE OF ACTION

16.     In response to Paragraph 16 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

17.     In response to Paragraph 17 of the Complaint, Defendant admits that screen access software is available to blind and visually-impaired persons.  Defendant denies the remaining allegations in Paragraph 17.

18.     In response to Paragraph 18 of the Complaint, Defendant admits that screen reading software, including JAWS, is available to blind and visually-impaired individuals.  Defendant denies the remaining allegations in Paragraph 18 on the basis that it is without sufficient knowledge or information to form a belief as to the truth of the allegations.

19.     In response to Paragraph 19 of the Complaint, Defendant admits that in order for screen reading software to work, the information on a website must be capable of being rendered into text.  Defendant denies the remaining allegations in Paragraph 19.

20.     In response to Paragraph 20 of the Complaint, Defendant admits that the W3C has published version 2.0 of the Web Content Accessibility Guidelines and that the guidelines are intended as an aid to making websites accessible to the blind and visually-impaired.  Defendant lacks knowledge or information to form a belief as to the remaining allegations in Paragraph 20 and on that basis denies them.

21.     In response to Paragraph 21 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, denies each and every allegation.

<u>STATEMENT OF FACTS</u>

<u>Defendant's Barriers On Its Website</u>

22.     In response to Paragraph 22 of the Complaint, Defendant admits only that it operates a website www.lendingclub.com.  As to the remaining allegations, Defendant is not

required to answer legal conclusions and argument, and on that basis denies all of them.  The subject website speaks for itself.

23.    In response to Paragraph 23 of the Complaint, Defendant denies each and every allegation.

24.    In response to Paragraph 24 of the Complaint Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, denies each and every allegation.

25.    In response to Paragraph 25 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, denies each and every allegation.

26.    In response to Paragraph 26 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, denies each and every allegation.

27.    In response to Paragraph 27 of the Complaint, Defendant denies each and every allegation.

28.    In response to Paragraph 28 of the Complaint, with respect to any allegations which relate to Plaintiff's alleged individual experiences, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, denies each and every allegation.  With respect to any remaining allegations in Paragraph 28 of the Complaint, Defendant denies each and every allegation.

<u>Defendant Must Remove Barriers To Its Website</u>

29.    In response to Paragraph 29 of the Complaint, Defendant denies each and every allegation.

30.     In response to Paragraph 30 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, denies each and every allegation.

31.     In response to Paragraph 31 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, denies each and every allegation.

32.     In response to Paragraph 32 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, denies each and every allegation.

33.     In response to Paragraph 33 of the Complaint, Defendant denies each and every allegation.

34.     In response to Paragraph 34 of the Complaint, Defendant denies each and every allegation.

35.     In response to Paragraph 35 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

36.     In response to Paragraph 36 of the Complaint, Defendant denies each and every allegation.

37.     In response to Paragraph 37 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the extent to which Plaintiff and other visually impaired individuals would have the ability to use the subject website no matter its status as it relates to accessibility, and on that basis, denies each and every allegation.

38.     In response to Paragraph 38 of the Complaint, Defendant denies each and every allegation, excepts avers that it maintains policies regarding the subject website.

39.     In response to Paragraph 39 of the Complaint, in light of the vagueness of such allegations, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, denies each and every allegation.

40.     In response to Paragraph 40 of the Complaint, Defendant denies each and every allegation.

<u>CLASS ACTION ALLEGATIONS</u>

41.     In response to Paragraph 41 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.  Defendant further denies that certification of any of Plaintiff's alleged classes is appropriate.

42.     In response to Paragraph 42 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.  Defendant further denies that certification of any of Plaintiff's alleged classes is appropriate.

43.     In response to Paragraph 43 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.  Defendant further denies that certification of any of Plaintiff's alleged classes is appropriate.

44.     In response to Paragraph 44 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

45.     In response to Paragraph 45 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

46.     In response to Paragraph 46 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

47.     In response to Paragraph 47 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.  Defendant

further denies that certification of any of Plaintiff's alleged classes is appropriate.

48.     In response to Paragraph 48 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.  Defendant further denies that certification of any of Plaintiff's alleged classes is appropriate.

<u>FIRST CAUSE OF ACTION</u>
VIOLATIONS OF THE ADA, 42 U.S.C. § 1281 *et seq.*

49.     In response to Paragraph 49 of the Complaint, Defendant repleads and incorporates by reference, as if fully set forth herein, the responses contained in Paragraphs 1 through 48 of this Answer as set forth above.

50.     In response to Paragraph 50 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

51.     In response to Paragraph 51 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

52.     In response to Paragraph 52 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

53.     In response to Paragraph 53 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

54.     In response to Paragraph 54 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

55.     In response to Paragraph 55 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.  To the extent anything in Paragraph 55 is construed to be something other than a legal conclusion or argument, Defendants denies each and every such allegation.

56.     In response to Paragraph 56 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

SECOND CAUSE OF ACTION
VIOLATIONS OF THE NYSHRL

57.     In response to Paragraph 57 of the Complaint, Defendant repleads and incorporates by reference, as if fully set forth herein, the responses contained in Paragraphs 1 through 56 of this Answer as set forth above.

58.     In response to Paragraph 58 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

59.     In response to Paragraph 59 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.  To the extent anything in Paragraph 59 is construed to be something other than a legal conclusion or argument, Defendants denies each and every such allegation.

60.     In response to Paragraph 60 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.  To the extent anything in Paragraph 60 is construed to be something other than a legal conclusion or argument, Defendants denies each and every such allegation.

61.     In response to Paragraph 61 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.  To the extent anything in Paragraph 61 is construed to be something other than a legal conclusion or argument, Defendants denies each and every such allegation.

62.     In response to Paragraph 62 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

63.     In response to Paragraph 63 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

64.     In response to Paragraph 64 of the Complaint, Defendant lacks knowledge and information to form a belief as to the allegations pertaining to other companies and government agencies and on that basis denies each and every such allegation.  Defendant further denies each and every remaining allegation in Paragraph 64.

65.     In response to Paragraph 65 of the Complaint, Defendant denies each and every allegation.

66.     In response to Paragraph 66 of the Complaint, Defendant denies each and every allegation.

67.     In response to Paragraph 67 of the Complaint, Defendant denies each and every allegation.

68.     In response to Paragraph 68 of the Complaint, Defendant denies each and every allegation.

69.     In response to Paragraph 69 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

70.     In response to Paragraph 70 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

71.     In response to Paragraph 71 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

## THIRD CAUSE OF ACTION
VIOLATION OF THE NYCHRL

72.     In response to Paragraph 72 of the Complaint, Defendant repleads and incorporates by reference, as if fully set forth herein, the responses contained in paragraphs 1 through 71 of this Answer as set forth above.

73.     In response to Paragraph 73 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

74.     In response to Paragraph 74 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

75.     In response to Paragraph 75 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.  To the extent anything in Paragraph 75 is construed to be something other than a legal conclusion or argument, Defendants denies each and every such allegation.

76.     In response to Paragraph 76 of the Complaint, Defendant denies each and every allegation.

77.     In response to Paragraph 77 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

78.     In response to Paragraph 78 of the Complaint, Defendant denies each and every allegation.

79.     In response to Paragraph 79 of the Complaint, Defendant denies each and every allegation.

80.     In response to Paragraph 80 of the Complaint, Defendant denies each and every allegation.

81.     In response to Paragraph 81 of the Complaint, Defendant denies each and every allegation.

82.     In response to Paragraph 82 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

83.     In response to Paragraph 83 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

84.     In response to Paragraph 84 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

FOURTH CAUSE OF ACTION
DECLARATORY RELIEF

85.     In response to Paragraph 85 of the Complaint, Defendant repleads and incorporates by reference, as if fully set forth herein, the responses contained in paragraphs 1 through 84 of this Answer as set forth above.

86.     In response to Paragraph 86 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

87.     In response to Paragraph 87 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

**PRAYER FOR RELIEF**

Defendant denies that Plaintiff is entitled to any of the relief he seeks in the Prayer for Relief or any other relief he may seek to obtain through this lawsuit.

In addition, Defendant asserts the following affirmative defenses with respect to all of Plaintiff's claims and causes of action.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

(Lack of Standing)

1.     Plaintiff lacks standing to pursue his alleged claims.  To show standing, "a plaintiff has the burden of proving:  (1) that he or she suffered an 'injury in fact,' (2) a causal relationship between the injury and the challenged conduct, and (3) that the injury likely will be redressed by a favorable decision." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992).  Here, Plaintiff lacks standing to pursue his alleged claims because, among other reasons, he is not a bona fide patron, he never attempted to access Defendant's website, and/or he does not intend to access Defendant's website in the future.

## SECOND AFFIRMATIVE DEFENSE

(Statute of Limitations)

2.     Plaintiff's claims are barred to the extent they are based on visits to the subject website beyond the applicable Statute of Limitations.

## THIRD AFFIRMATIVE DEFENSE

(Failure to State a Claim)

3.     The Complaint, and each and every claim therein, fails to state a claim for which relief can be granted and should, therefore, be dismissed.

## FOURTH AFFIRMATIVE DEFENSE

(Effective Access)

4.     The alleged barriers did not prevent Plaintiff from effective access to Defendant's services.  Even if features of the subject website alleged in the Complaint do not conform with accessibility guidelines or standards, if any applicable standards exist, Defendant's website did not prevent Plaintiff from effective access to Defendant's services, including for, but not limited to,

the following reasons: any alleged noncompliance as alleged in the Complaint was *de minimis*, the website was usable and accessible despite its alleged noncompliance, and/or Plaintiff was able to use and access Defendant's website, and/or Plaintiff could have called or otherwise contacted Defendant to obtain the information allegedly sought or to access Defendant's services.

## FIFTH AFFIRMATIVE DEFENSE

### (Defendant Provided Services Via Alternative Methods)

5.      Any alleged wrongful acts or omissions performed by Defendant or its agents, if there were any, do not subject Defendant to liability because Defendant was ready and willing to accommodate Plaintiff's alleged disability by providing access via alternative methods, but Plaintiff never asked for or sought any assistance.

## SIXTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

6.      Plaintiff's claims are barred under the doctrine of unclean hands since Plaintiff is not a bona fide patron, but a professional plaintiff who filed this lawsuit to try to obtain a monetary settlement.   Plaintiff's counsel, GOTTLIEB & ASSOCIATES is a place of Public of Accommodation under the ADA subject to the same laws that Plaintiff pleads against Defendant. As shown below, the current website for GOTTLIEB & ASSOCIATES appears to contain accessibility-related "errors" that, assuming arguendo Plaintiff's legal theories advanced in his Complaint are valid, violates the laws that Plaintiff seeks to enforce.



## SEVENTH AFFIRMATIVE DEFENSE

### (Technically Infeasible)

7.      Any alleged wrongful acts or omissions performed by Defendant or its agents, if there were any, do not subject Defendant to liability because full compliance with accessibility standards, if any applicable standards exist, for the alleged barriers identified in the Complaint would be technically infeasible.

## EIGHTH AFFIRMATIVE DEFENSE

### (Undue Burden)

8.      Insofar as Defendant has not made changes to its website, which Plaintiff contends should have been made as alleged in the Complaint, those changes were and are not required under federal, or state law, and any requirements to make those changes would impose an undue burden on Defendant.

## NINTH AFFIRMATIVE DEFENSE

(Reasonable Modifications to Policies, Practices and Procedures)

9.      Plaintiff's claims are barred because Defendant was willing to make reasonable modifications to its policies, practices, and/or procedures to accommodate Plaintiff's alleged disability, but Plaintiff never asked for or sought assistance.

## TENTH AFFIRMATIVE DEFENSE

(Failure to Mitigate Damages)

10.     Plaintiff failed to properly mitigate his alleged damages and is purposefully accessing or alleging to be deterred from accessing Defendant's website in order to improperly attempt to fabricate his damages and therefore is precluded from recovering those alleged damages.

## ELEVENTH AFFIRMATIVE DEFENSE

(Fundamental Alteration)

11.     Any allegedly wrongful acts or omissions performed by Defendant or its agents, if there were any, do not subject Defendant to liability because fixing the barriers alleged in the Complaint would, if performed, result in a fundamental alteration of Defendant's services.

## TWELFTH AFFIRMATIVE DEFENSE

(Removal of Access Barriers Was Not Readily Achievable)

12.     Any allegedly wrongful acts or omissions performed by Defendant or its agents, if there were any, do not subject Defendant to liability because the removal of the alleged barriers identified in the Complaint was not readily achievable or easily accomplishable and/or able to be carried out without much difficulty or expense when taking into account the factors set forth at 42 U.S.C. § 12181.  In asserting this defense, Defendant does not admit, and in fact expressly denies, that the Americans with Disabilities Act governs the website that is the subject of Plaintiff's claims.

## THIRTEENTH AFFIRMATIVE DEFENSE

(Legitimate Business Justifications)

13.     The Complaint, and each and every purported claim alleged therein, are barred because any action taken with respect to Plaintiff was for legitimate, non-discriminatory business reasons unrelated to Plaintiff's alleged disability or other asserted protected status.

## FOURTEENTH AFFIRMATIVE DEFENSE

(Good Faith)

14.     Defendant and its agents, if any, acted reasonably and in good faith at all relevant times, based on all relevant facts, law, and circumstances known by them at the time that they acted.  Accordingly, Plaintiff is barred, in whole or in part, from any recovery in this action.

## FIFTEENTH AFFIRMATIVE DEFENSE

(Mootness)

15.     Plaintiff's claims are barred under the doctrine of mootness because Defendant's website complies with all applicable standards, if any exist, and/or the website is usable and accessible to persons with a vision disability, including Plaintiff, and/or Plaintiff is able to use and access Defendant's website and/or services.

## SIXTEENTH AFFIRMATIVE DEFENSE

(Equivalent Facilitation)

16.     Any allegedly wrongful acts or omissions performed by Defendant or its agents, if there were any, do not subject Defendant to liability because Defendant provided and/or was willing to provide equivalent facilitation with respect to the barriers alleged in the Complaint.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Forum Non Conveniens)

17.    Plaintiff's claims are barred and/or subject to transfer in whole or in part because they have been filed in an inconvenient forum or forum non conveniens.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Improper Venue)

18.    Plaintiff's claims are barred and/or subject to transfer in whole or in part because they have been filed in an improper venue.

## NINETEENTH AFFIRMATIVE DEFENSE

### (Ripeness/Lack of Due Process)

19.    Plaintiff's claims are barred under the doctrines of ripeness/lack of due process because the Department of Justice has not yet issued any accessibility standards for websites (as explained further in the attached letters from certain members of Congress, certain members of the Senate, and certain State Attorney Generals).  See Exhibits A, B, and C.

## TWENTIETH AFFIRMATIVE DEFENSE

### (Primary Jurisdiction)

20.    Plaintiff's claims are barred under the doctrine of primary jurisdiction.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Communications Decency Act)

21.    Defendant is immune from liability for the claims in Plaintiff's Complaint pursuant to Section 230 of the Communications Decency Act to the extent that the content on Defendant's website is third party content not under Defendant's control.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (Effective Communication)

22.     Plaintiff's claims are barred because Defendant provided effective communication.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### (Indispensable Party)

23.     Plaintiff's alleged claims are barred, in whole or in part, because of Plaintiff's failure to name an indispensable party or parties.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (Claims Subject to Arbitration)

24.     Plaintiff's alleged claims are barred, in whole or in part, to the extent such claims are subject to arbitration.

## PRAYER

**WHEREFORE**, Defendant prays that this Court enter a judgment as follows:

1.     That the Complaint be dismissed with prejudice and that judgment be entered in favor of Defendant;

2.     That Plaintiff take nothing by way of his Complaint;

3.     That Defendant be awarded its costs of suit incurred in defense of this action, including its reasonable attorney's fees; and

4.     For such further and other relief as the Court may deem just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Fed. R. Civ. P. 38(b), Defendant demands a trial by jury on all questions of fact the Complaint or this Answer raises.

Dated:  September 21, 2020

Respectfully Submitted,


By                      /s/ *Sean J. Kirby*
           Sean J. Kirby
           SHEPPARD MULLIN RICHTER & HAMPTON LLP
           30 Rockefeller Plaza, 39th Floor
           New York, New York  10112
           Telephone:     212.653.8700
           Facsimile:      212.653.8701

           Gregory F. Hurley (*Pro Hac Vice Pending)*
           SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
           650 Town Center Drive, 10th Floor
           Costa Mesa, California  92626-1993
           Telephone:     714.513.5100
           Facsimile:      714.513.5130

           *Attorneys for Defendant,*
           *Lendingclub Corporation*

## CERTIFICATE OF SERVICE

I hereby certify that on the 21st day of September, 2020, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notice of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive Notices of Electronic Filing.

Jeffrey M. Gottlieb (JG-7905)
Dana L. Gottlieb (DG-6151)
**GOTTLIEB & ASSOCIATES**
150 East 18th Street, Suite PHR
New York, New York 10003
Tel: 212.228.9795
Fax: 212.982.6284
Jeffrey@gottlieb.legal
danalgottlieb@aol.com

***Attorneys for Plaintiff***
***Yony Sosa***

_/s/ Sean J. Kirby_
SEAN J. KIRBY